## PRATT ET AL. *v.* CARR ET AL., ADM'RS.

PARTIES.—*Trust.*—*Decedents' Estates.*—Pending an attachment proceeding, in which certain goods had been seized and were held by the sheriff, an order of court was made by consent of all the parties interested, that the sheriff should sell said goods, and that he might sell on a credit, taking the notes of purchasers, with approved security.   On making sales, the sheriff took notes payable to himself individually, and before the termination of the suit he died.

*Held,* that the sheriff held the notes as a trustee; that he had no interest in them that could pass to his administrators, and that the latter, not being the parties in interest, could not maintain an action on a note so given.

From the Hancock Common Pleas.

*H. J. Dunbar* and *E. Marsh,* for appellants.

*C. G. Offutt, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellees.

PETTIT, J.—This suit was brought by the appellees, James H. Carr and Mary J. Wilkins, administrators of William Wilkins deceased, against the appellants, William F. Pratt, Joseph Baldwin, and Hugh Pratt, on two promissory notes payable to the deceased.   The complaint was in the usual and proper form.

The defendants answered as follows:

"Comes now William F. Pratt, Joseph Baldwin, and Hugh Pratt, defendants, and say that they admit the execution of said notes, but aver that the same were executed for the purchase-money of a certain stock of goods, groceries, notions, clothing, etc., which in the month of April, 1868, were

attached by virtue of a writ of attachment then and there held by the decedent, named in plaintiffs' complaint, who was then and there in full life and sheriff of the county of Hancock, in the State of Indiana; that said goods, etc., were attached as aforesaid, in a certain cause pending in the Hancock Circuit Court, in the State of Indiana, wherein Van Camp Bush *et al.* were plaintiffs, and one John J. Crider was defendant, to which one John C. Atkison was made a party on his own petition, claiming and averring in said petition, that he held a mortgage on said goods for about the sum of nine thousand dollars, and said Atkison asked therein that said mortgage be foreclosed and said goods be sold to satisfy said mortgage; and defendants herein say that afterward, at the February term, 1872, of said Hancock Circuit Court, in the State of Indiana, the said Wilkins being still sheriff as aforesaid, and still in possession of said goods as such sheriff, by virtue of the said writ of attachment on which said Wilkins as sheriff had seized the same; the sheriff was ordered by the said court to sell said goods, etc., and to retain the proceeds of such sale until further ordered by said court; and plaintiffs say that said order, a copy of which, marked 'A,' is filed with and made a part of this answer, is in full force; and defendants herein say that said sheriff, William Wilkins, in pursuance of said order, sold said goods, etc., to the defendant William F. Pratt, and that said Pratt and his co-defendants, as his sureties, executed the notes sued on therefor, and not for any other consideration whatever, or for any other purpose; and defendants say that neither said Wilkins nor any of the defendants were parties to said action, wherein said goods were attached, and neither said Wilkins nor his administrators had or have any other or different interest in said notes or either of said notes than as aforesaid; that said action of *Bush et al.* v. *Crider,* to which said Atkison is a party, has never been finally determined, and said notes and the proceeds of the sale of said goods are still subject to the orders of said circuit court; and that said Wilkins continued to be sheriff of said county, and as such

sheriff to hold said notes until his death, to wit, February 9th, A. D., 1872, and that upon his death George W. Sample was duly appointed, commissioned, and qualified as sheriff of said county, and has ever since continued and now is sheriff of said county; wherefore the defendants say that said plaintiffs are not the real parties in interest, or proper plaintiffs herein, but that said Sample is the real party in interest and proper party plaintiff."

Exhibit "A" filed with and made a part of this answer, being the proceedings in attachment in the circuit court, so far as it is necessary to set it out, is this: "And by agreement of the parties, it is ordered by the court that the sheriff proceed to sell either at public or private sale, as he may deem for the advancement of the parties, the stock of goods, groceries, notions, clothing, etc., attached in this cause, giving a credit upon all sums of one hundred dollars and upwards until the 25th day of next December, the purchaser giving his note with approved security. No rights of either party, with reference to any acts heretofore done or omitted to be done, are in any manner to be affected by this agreement. Ordered that the proceeds of sales herein shall be held by said sheriff until further ordered by this court."

To this answer, a demurrer for want of sufficient facts was sustained, and this ruling presents the only question in the case. Was the answer good or bad?

Wilkins, the deceased, had no interest in the notes that he could have disposed of by will, and consequently he had no interest in them that would or could vest in his administrators by operation of law. He was a mere official trustee, holding the notes by order of the court, and subject to be deprived of their possession at any time by the further order of the court, or by the agreement of the parties to the attachment suit, for whose benefit they were held.

Wilkins had no greater legal or equitable interest in or title to the notes than he had in the attached property, for which they were given on its sale under the order of the court. In the Indiana Executor's Manual, page 41, this language is

used, which we approve: " The absolute property in the goods must have been vested in the decedent, in order to make them assets in the hands of his executor or administrator.   Therefore, if the decedent takes a bond in his own name, but in trust for another, and dies, this is not assets in the hands of the executor or administrator."   That the notes were made payable to Wilkins by name and not to him as sheriff, makes no difference in legal effect.   The court erred in sustaining the demurrer to the answer.

The judgment is reversed, at the costs of the appellees, with instruction to overrule the demurrer to the first paragraph of the answer.

Petition for a rehearing overruled.